IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>Plaintiff                                )<br>                                            )<br>v.                                          )     Case No. 12-CR-20003-03-CM<br>                                            )<br>STEVEN M. HOHN,                )<br>Defendant                           )<br>_____) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO SUPPRESS EVIDENCE FROM
## GLOBAL POSITIONING SYSTEM (GPS) DEVICE

COMES NOW, the Defendant, Steven M. Hohn, by and through his attorney, James R. Campbell and in support of his Motion to Suppress Evidence provides the Court with the following arguments.

### FACTUAL BACKGROUND

On November 10, 2011, Perry Williams, a Deputy Sheriff for Johnson County, Kansas, appeared before a Judge and requested permission to install a "ST811 Guardian Electronic Tracking Device (ETD)" on a 1997 Ford F150 Truck belonging to Steven M. Hohn. The Affidavit provided by Deputy Williams was provided in discovery from the government in this case and is marked as pages 918-948. An identical Affidavit was filed for another of the Defendant's vehicles as well. Deputy Williams also requested a GPS device to be placed on a Silver 2002 Ford Explorer, V.I.N. #1FM2U73K44ZB09754 with Kansas license plate 744ENC registered to Amanda D. Hohn and/or Steven M. Hohn. This Affidavit and the subsequent Order approving the request were also provided to the Defendant by the Government and are marked starting at discovery page 887. Only the

description of the vehicle is different from the Affidavit for the 1997 Ford F150.  To clarify the statements, Defendant will only refer to the Affidavit for the 1997 Ford F150.

The ETD referred to by Deputy Williams is a Global Positioning System (GPS) device that would track the movements of the vehicle.  Deputy Williams listed various items of information to support his request, including the following statement in paragraph 6 of the Affidavit, discovery page 920:

> On July 24, 2011, members of the Johnson County Sheriff's Office Directed Patrol Unit placed an Orion ST820 Electronic Tracking Device (Here after [sic] referred to as ETD) onto the black 1997 Ford F150 truck displaying Kansas License plate 561AZV at 1327 South Main Street, Eudora, Kansas.

Deputy Williams goes on to state that officers monitored the GPS device installed in the defendant's vehicle and used that information to support their application on November 10, 2011.  Numerous paragraphs of the Affidavit specifically refer to officers being aware of the location and travel of the vehicle because of the GPS device attached to the Ford F150.  Deputy Williams concluded his Affidavit with the reason for seeking written application for installation of a GPS when the Johnson County Sheriff's Office had already been using a GPS device on the vehicle for nearly four months.  Paragraph 62 of the Affidavit on discovery page 947 reads as follows:

> Your Affiant has requested to hard-wire (Utilize power from the suspect vehicle) to power the ETD.  While utilizing an ETD to collect data for intelligence, a battery powered unit may be operational for 3 to 4 weeks on average.  Your Affiant has utilized the ETD to actively conduct surveillance on this vehicle and when doing so the ETD has required a battery replacement in less than 1 week.  Your Affiant is aware the percentages of being detected approaching a suspect's vehicle on multiple occasions to replace batteries in the ETD increases each time this operation is completed and risks jeopardizing the investigation.  Replacing the batteries requires your Affiant or another investigator to approach a suspect vehicle on 2 separate occasions to complete the battery replacement operation.  Due to reported surveillance cameras, outside lighting, irregular activities and irregular driving habits of S. HOHN, A. HOHN and BAITEY your Affiant believes hard-wiring the ETD on the **black 1997 Ford F150 Truck, V.I.N.**

**#1FTDX17W3VKC27076, Kansas License Plate: 561AZV** will eliminate the risk of jeopardizing this investigation. (Emphasis in original document)

On December 8, 2011, Deputy Williams filed an Affidavit for the Extension of Maintenance and Monitoring of the ST811 Guardian Electronic Tracking Device (ETD). The extension was approved and the device was allowed to continue until January 7, 2012 at 1310 hours. Deputy Williams' Affidavit for Extension detailed the information obtained while the GPS device was attached to the Defendant's vehicle. A request for Extension was not provided to the Defendant for the 2002 Ford Explorer. The Defendant presumes that the GPS on that vehicle was terminated within the time as set forth by the Court.

There is no issue that Johnson County Sheriff's Deputies placed GPS devices on or in the Defendant's vehicles in July of 2011. Several additional times Deputies went back and replaced batteries on the devices. The Deputies then used that information to help them secure an Order to hard-wire a GPS device to the Defendant's vehicles.

## ARGUMENT AND AUTHORITIES

The issue of GPS tracking devices has recently been clarified by the Untied States Supreme Court. The ruling in *United States v. Jones*, _____ U.S. _____, 132 S.Ct. 945 (2012) was well publicized. The Court found that attaching a GPS device to a vehicle is a search under the Fourth Amendment. Further, a search of this kind without a warrant violated the Fourth Amendment. The decision of the Court was delivered in three opinions, but all agreed that the attachment of the GPS device without a warrant was a violation of the Defendant's Fourth Amendment rights.

The case at bar shows a clear violation of the Defendant's Fourth Amendment rights. The government engaged in actions that trespassed against the effects of the

Defendant when they placed GPS devices in vehicles he owned.  The Johnson County Sheriff's Department acknowledged that in July of 2011 they placed these devices without a warrant.  Further, they then used the information illegally obtained to request permission to hard-wire another device to each of the defendant's vehicle.

The opening paragraph of the Court's analysis in *United States v. Jones* makes clear the fundamental rights attached to the property of a defendant.  The Court found:

> The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  It is beyond dispute that a vehicle is an "effect" as that term is used in the Amendment.  *United States v. Chadwick*, 433 U.S. 1, 12, 97 S.Ct 2476, 53 L.Ed.2d 538 (1977).  We hold that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a "search."

*Id*. at 132 S.Ct. 953.  This is precisely the analysis in before the court presently.  The Government violated the Defendant's Fourth Amendment protection.  The Government, clandestinely went to the Defendant's property, and without the oversight of an independent magistrate put a device or devices on that property.  Compounding the intrusion, they went back numerous times and replaced the devices or the batteries on the devices, thus committing numerous violations.

In November of 2011, the Government showed it had the ability and knowledge to obtain an Order for these intrusions.  The Government set out a considered Affidavit sworn to before a court of competent jurisdiction and obtained an Order allowing the same conduct they had previously engaged without such an Order.  The Government had the knowledge to seek an Order.  The Government simply chose not to do so initially.

Once the improper collection of information began in July of 2011, the Government used that information to seek an Order for further GPS devices to be placed.

The Order signed by the Judge on November 10, 2011 was based in large part on the information illegally obtained.

In *United States v. Jones*, the majority opinion concluded that "[b]y attaching the device to the Jeep, officers encroached on a protected area." *Id*., at 132 S.Ct. 952.  The Government in this case encroached multiply times and then used that information to go before a Court and ask for permission to do the same thing.

There are no exigent circumstances present for this situation.  The decision to put a GPS device on a vehicle is a calculated one.  There can be no argument set forth by the Government that the conduct should have been protected because probable cause existed.  The only time such warrantless searches have been allowed by the courts are when some condition or situation exists that obtaining impartial consideration from the judiciary is not feasible.

In this case the Government proved that that process was and is feasible.  They knew where the vehicle was to place the original device.  They were aware of a procedure to go before a court and swear an Affidavit and obtain an Order.  The Government simply chose not to avail itself of that process and proceed as they saw fit without regard to the Fourth Amendment Rights of any person involved.

All information obtained from and after July 2011 placement of the GPS devices must be Ordered to be Suppressed in this case.  Further, as such information was used to obtain the November 11, 2011 Order, that Order should be found to be invalid and all information from and after that point should be Ordered to be Suppressed as well.

WHEREFORE, the Defendant prays the Court make and enter an Order Suppressing all GPS information obtained in this case and all evidence obtained as a result of information obtained by the illegal placement of the GPS devices.

Respectfully Submitted,

/James R. Campbell/
James R. Campbell, No. 14631
511 Neosho St.
Burlington, KS 66839
(620) 364-3094
(620) 364-2840 Facsimile
campbell_law@mac.com e-mail address

Attorney for Defendant Steven M. Hohn

## CERTIFICATE OF SERVICE

I, James R. Campbell, hereby certify that on this date I electronically filed the above and foregoing MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE FROM GLOBAL POSITIONING SYSTEM (GPS) DEVICE with the Clerk of the District Court via CM/ECF which will send copies of the filing to the attorneys for the government, Terra D. Morehead as well as to the other attorneys of record.

Dated this 2nd day of July, 2012.

/James R. Campbell/
JAMES R. CAMPBELL